UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO RESENDEZ, | § | No. 5:13-CV-1071-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| AG FIRST FARM CREDIT BANK, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Defendant Ag First Farm Credit Bank ("Defendant") (Dkt. # 12). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the arguments in the supporting and opposing memoranda, the Court, for the reasons that follow, **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 12).

BACKGROUND

On December 21, 1999, Plaintiff entered into a Retail Installment Contract Builder's and Mechanic's Lien Contract (with Power of Sale) with Dream Homes, Inc. (Dkt. # 12-2 at 1.) Under the contract, Plaintiff agreed to purchase the property at 6247 FM 3175 in Somerset, Atascosa County, Texas (also known

as 11125 FM 3175, Lytle, Atascosa County, Texas) and granted Dream Homes a security interest in the property.  (Id.)  Dream Homes transferred the contract to Priority Bank, which subsequently assigned the contract to Defendant.  (Dkt. # 12-3 at 1; Dkt. # 12-4.)

On January 17, 2013, LoanCare, LLC, the debt servicer for Defendant, sent a demand to Plaintiff notifying him that he was in default for failing to make monthly payments due under the contract and giving him thirty days to cure.  (Dkt. # 12-1 at 3.)  The letter was sent by certified mail and addressed to Plaintiff at 6241 FM 3175, Somerset, Texas.  (Id.)  When Plaintiff did not cure, LoanCare sent a notice of foreclosure containing a Notice of Trustee's Sale of the property on July 15, 2013.  (Dkt. # 3-3.)  One copy of the Notice of Sale was sent addressed to Plaintiff at 6241 FM 3175, Somerset, Texas, and another was sent to Plaintiff at 11125 FM 3175, Lytle, Texas.  (Id.)  On August 6, 2013, Defendant purchased the property at a foreclosure sale.  (Dkt. # 3-4.)

On November 8, 2013, Plaintiff filed suit in the District Court for the 81st Judicial District of Atascosa County, Texas, contesting the foreclosure sale.  On November 22, 2013, Defendant removed the case to federal court, invoking this court's diversity jurisdiction.  (Dkt. # 1.)  Defendant moved to dismiss Plaintiff's claims on February 19, 2014.  (Dkt. # 3.)  The Court granted Defendant's Motion to Dismiss in part, but declined to dismiss Plaintiff's claim that Defendant failed to

give notice of default in compliance with Texas Property Code § 51.0002(d).  (Dkt. # 9.)  Defendant filed the instant Motion for Summary Judgment on October 2, 2014.  (Dkt. # 12.)  Plaintiff submitted a Response on October 28, 2014.  (Dkt. # 14.)

## LEGAL STANDARD

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enterprises, L.L.C., 756 F.3d 875, 880 (5th Cir. 2014).  "Substantive law will identify which facts are material."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

In seeking summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial.  Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there

is no genuine issue for trial."  Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (internal quotation marks omitted).

In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Kevin M. Ehringer Enters. v. McData Servs. Corp., 646 F.3d 321, 326 (5th Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

Although Plaintiff does not explicitly allege a claim of wrongful foreclosure in his petition, he pleads violations of Texas Property Code § 51.002's notice provisions.  (Dkt. # 1-3 at 2.)  The Court construes this as a wrongful foreclosure claim under Texas law.  See, e.g., Johnson v. Wells Fargo Bank, NA, 999 F. Supp. 2d 919, 932 (N.D. Tex. 2014) (concluding that violations of § 51.002's notice requirements can only give rise to a wrongful foreclosure claim); Kisson v. PNC Mortg., No. H-13-3571, 2014 WL 126002, at *2 (S.D. Tex. Jan. 11, 2014) (construing claims made under chapter 51 of the Texas Property Code as a

wrongful foreclosure claim).

To make out a wrongful foreclosure claim under Texas law, a plaintiff must show (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and the grossly inadequate selling price." Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 726 (5th Cir. 2013) (internal quotation marks omitted) (quoting Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008)).

Defendant is entitled to summary judgment because Plaintiff has failed to submit evidence sufficient to support a genuine dispute of material fact as to the second and third elements of his wrongful foreclosure claim. At most, Plaintiff's evidence, taken in the light most favorable to Plaintiff, can only establish that there was a defect in the proceedings. Texas Property Code § 51.002 provides that a notice of default must be sent by certified mail to the debtor's last known address. Tex. Prop. Code § 51.002(d), (e). Here, Defendant sent a notice of default addressed to Plaintiff at 6241 FM 3175, Somerset, Texas. (Dkt. # 12-1 at 3.) Plaintiff states that he cannot receive mail at the physical address at the property, and has submitted four letters indicating that Defendant had previously sent correspondence to Plaintiff at a P.O. box address. ("Resp.," Dkt. # 14 at 1; id., Exs. A–D.) Construed liberally, Plaintiff's evidence suggests that the address to which notice of default was sent was not Plaintiff's last known address on file with

Defendant.

Plaintiff, however, has submitted no evidence regarding the second and third elements required to establish a wrongful foreclosure claim. Plaintiff's failure to present any evidence of a grossly inadequate selling price or a causal connection between the defect and a grossly inadequate selling price is fatal to his claim. Defendant is thus entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 12). Accordingly, Plaintiff's claims are **DIMISSSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, December 22, 2014.

_____
David Alan Ezra
Senior United States Distict Judge